UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Lionel Bernard Newman Jr.**                                     **Docket No. 5:12-CR-336-3D**

**Petition for Action on Supervised Release**

COMES NOW John Seth Coleman, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Lionel Bernard Newman Jr., who, upon an earlier plea of guilty to Count 1 - Conspiracy to Rob Businesses Engaged in Interstate Commerce, in violation of 18 U.S.C. § 1951(b), and Count 3 - Using and Carrying a Firearm in Furtherance of a Crime of Violence and Aiding and Abetting, in violation of 18 U.S.C. §§ 924(c)(l)(A) and 2, was sentenced by the Honorable Terrence W. Boyle, United States District Judge, on August 22, 2013, to the custody of the Bureau of Prisons for a term of 200 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 60 months. On May 22, 2015, the Judgment and Commitment Order was amended to reflect 160 months imprisonment and 60 months of supervised release. Lionel Bernard Newman Jr. was released from custody on March 14, 2025, at which time the term of supervised release commenced.

On March 31, 2025, in response to the defendant admitting marijuana use on or about March 21, 2025, the court modified the conditions of supervised release to include participation in substance abuse and mental health treatment as directed by the probation officer.

On June 10, 2025, in response to the defendant admitting marijuana use on or about May 5, 2025, the court agreed to continue supervision without modification so that the defendant could continue with outpatient substance abuse and mental health treatment.

On July 3, 2025, in response to the defendant testing positive for a third time, the court modified the conditions of supervision to include 60 days of curfew with GPS monitoring.

On August 21, 2025, this case was reassigned to the Honorable James C. Dever III, U.S. District Judge.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

On August 14, 2025, the defendant submitted a urine sample which tested positive for marijuana. When confronted with the positive test result, the defendant admitted smoking marijuana on or about July 30, 2025. The defendant has been verbally reprimanded for his continued drug use. He is active in his treatment program and his clinician is supportive of the proposed plan to continue working toward sobriety. He will continue to be drug screened in an effort to monitor his compliance with the current treatment plan.

Pursuant to 18 U.S.C. § 3583(d), the court shall consider whether the availability of appropriate substance abuse treatment programs, or a person's current or past participation in such programs, warrants an exception to 18 U.S.C. § 3583(g)(4) when considering any action against a defendant who fails a drug test while on supervised release. As Newman is actively engaged in a treatment program, and considering 18 U.S.C. § 3583(d), the probation office respectively recommends the defendant be permitted to continue supervision in lieu of revocation at this time. In response to his continued substance use, modifications to the previously ordered 60-day curfew with location monitoring are suggested. Any subsequent substance use will be reported to the court. The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that the conditions of supervised release be modified as follows:

1. The defendant shall participate in the Location Monitoring Program for a period of 30 days, utilizing GPS technology and shall abide by all technology and program requirements. The defendant is restricted to his residence Monday to Friday in accordance with a curfew to be established by the supervising officer, and Saturdays and Sundays at all times except for medical necessities, court appearances, and other activities specifically approved by the probation officer (Home Incarceration). The defendant shall pay none of the costs of participation in the location monitoring program.

2. The remaining term of the original 60 days of curfew with RF monitoring is hereby removed from the conditions of supervision.

Except as herein modified, the judgment shall remain in full force and effect.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ John Seth Coleman
John Seth Coleman
U.S. Probation Officer
150 Rowan Street Suite 110
Fayetteville, NC 28301
Phone: 910-354-2545
Executed On: September 2, 2025

**ORDER OF THE COURT**
Considered and ordered this __2__ day of __September__, 2025, and ordered filed and made a part of the records in the above case.

_____
James C. Dever III
United States District Judge